# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                                           )<br>                  Plaintiff,            )<br>                                                           )<br>        VS.                                            )<br>                                                           )<br>JERRETT NEWMAN,                        )<br>                                                           )<br>                  Defendant.          )<br>_____ ) | Case No. 1:21-cr-00299 DAD BAM<br><br>**DETENTION ORDER** |

**A.** **Order For Detention**

After conducting a detention hearing pursuant to 18 U.S.C. § 3142(f) of the Bail Reform Act, the Court orders the above-named defendant detained pursuant to 18 U.S.C. § 3142(e) and (i).

**B.** **Statement Of Reasons For The Detention**

The Court orders the defendant's detention because it finds:

   __X__ By a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

   __X__ By clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

**C.** **Findings Of Fact**

The Court's findings are based on the evidence which was presented in Court, and that which was contained in the Pretrial Services Report, and includes the following:

__X__ (1) Nature and circumstances of the offense charged:

   __X__ (a) The crime: 21 U.S.C. §§ 846, 841(a)(1) & 841(a)(1)–Possession with Intent to Over 50 Grams **Distribute Methamphetamine**.

            is a serious crime and carries a maximum penalty of:   10 yrs.-life/$10,000,000.

   _____ (b) The offense is a crime of violence.

   __X__ (c) The offense involves a narcotic drug.

   _____ (d) The offense involves a large amount of controlled substances, to wit:

_____ (2) The weight of the evidence against the defendant is high.

__X__ (3) The history and characteristics of the defendant, including:

   (a) General Factors:

     __X__ The defendant was previously detained after making his initial appearance on a Petition for Violation of Supervised Release.

     _____ The defendant has no family ties in the area.

     _____ The defendant has no steady employment.

     _____ The defendant has no substantial financial resources.

     _____ The defendant is not a long time resident of the community.

     _____ The defendant does not have any significant community ties.

     _____ Past conduct of the defendant:

     _____ The defendant has a history relating to drug abuse.

     _____ The defendant has a history relating to alcohol abuse.

     _____ The defendant has a significant prior criminal record.

     _____ The defendant has a prior record of failure to appear at court proceedings.

     _____ The defendant has a history of probation and parole violations.

  (b) Whether the defendant was on probation, parole, or release by a court:
At the time of the current arrest, the defendant was on:
  \_\_\_\_ Probation
  \_\_\_\_ Parole
  \_\_\_\_ Release pending trial, sentence, appeal, or completion of sentence.
(c) Other Factors:
  \_\_\_\_ The defendant is an illegal alien and is subject to deportation.
  \_\_\_\_ The defendant is a legal alien and will be subject to deportation if convicted.
  \_\_\_\_ Other:

\_\_\_\_ (4) The nature and seriousness of the danger posed by the defendant's release are as follows:

_X_ (5) **Rebuttable Presumptions**
In determining that the defendant should be detained, the Court also relied on the following rebuttable presumption(s) contained in 18 U.S.C. §3142(e) which the Court finds the defendant has not rebutted:

 \_\_\_\_ a. That no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community because the Court finds that the crime involves:
  \_\_\_\_ (A) A crime of violence;
  \_\_\_\_ (B) An offense for which the maximum penalty is life imprisonment or death;
  \_\_\_\_ (C) A controlled substance violation which has a maximum penalty of 10 years or more; or,
  \_\_\_\_ (D) A felony after the defendant had been convicted of 2 or more prior offenses described in (A) through (C) above, and the defendant has a prior conviction for one of the crimes mentioned in (A) through (C) above which is less than 5 years old and which was committed while the defendant was on pretrial release.

 _X_ b. That no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because the Court finds that there is probable cause to believe:
  _X_ (A) That the defendant has committed a controlled substance violation which has a maximum penalty of 10 years or more.
  \_\_\_\_ (B) That the defendant has committed an offense under 18 U.S.C. §924(c) (uses or carries a firearm during and in relation to any crime of violence, including a crime of violence, which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device).

**D.** **Additional Directives**
Pursuant to 18 U.S.C. §3142(i)(2)-(4), the Court directs that:
The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; the defendant be afforded reasonable opportunity for private consultation with counsel; and, that on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated:  **December 22, 2021**    /s/ *Sheila K. Oberto*
                UNITED STATES MAGISTRATE JUDGE